IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fellowes, Inc., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06 CV 3049 |
| Continental Datalabel, Inc., an Illinois corporation, Maxell Corporation of America, a New Jersey Corporation, and Microvision Development, Inc., a California corporation, | ) ) ) ) ) ) ) ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

Maxell Corporation of American ("Maxell"), one of the defendants in this patent infringement case, has filed its Answer and Cross-Claims in response to the Complaint brought against it by Fellowes, Inc. ("Fellowes"). This memorandum order is issued sua sponte to address two types of flaws in that responsive pleading that require correction.

First, although Maxell is properly faithful to the form of disclaimer prescribed by the second sentence of Fed. R. Civ. P. ("Rule")8(b) to allow a defendant to get the benefit of a deemed denial, in each instance Maxwell then goes on to say "and, therefore, the allegations are denied" (Answer ¶¶ 2, 6-12 and 18-20). That of course is an oxymoron: If a party really lacks enough information even to form a belief as to the truth of an

allegation, by definition the party is not in a position to <u>deny</u> that allegation in the objective good faith required by Rule 11. Accordingly, the above-quoted phrase is stricken from each paragraph where it appears.

Second, Maxell's affirmative defenses ("ADs") are at odds with the concept of an AD as embodied in Rule 8(c) and in the caselaw interpreting and applying that Rule. In that respect see App. 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Thus:

1. AD 1 does not, as Rule 8(c) requirs, accept the allegation of Complaint ¶ 14 (charging it with patent infringement) as true. AD 1 is therefore stricken.[1]

2. AD 3 is similarly at odds with Complaint ¶ 15. It too is stricken (again see n.1).

3. AD 4, which asserts laches, is problematic. Although it will not now be stricken, it will be necessary to address the legal question whether Fellowes' asserted inaction since 2002 can constitute laches in this type of action.

                                                    */s/ Milton I. Shadur*
                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: October 5, 2006

---

[1] Maxell is not prejudiced in any way, for its denial of Complaint ¶ 14 has put infringement at issue and its denial of Complaint ¶ 15 challenges the patent's validity.